EXHIBIT "A"

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
     Joshua A. Rosen, Esquire
     Matthew J. Zamites, Esquire
     Brian F. George, Esquire
     Andrew Baron, Esquire
     Grady Lowman, Esquire
     Jason Whalley, Esquire
     Joshua Baer, Esquire
     Michael K. Simon, Esquire
     Sam Reznik, Esquire
     Bryan Arner, Esquire
     Jennifer Hoffman, Esquire

Mary G. McCarthy, Esquire
Harry Gosnear, Esquire
Daniel Ward, Esquire
Frank Palecko, Esquire
Gabriel Magee, Esquire
James Gundlach, Esquire
Christopher Green, Esquire
Stacy Hughes, Esquire
Thomas Lipscomb, Esquire
Lauren Mazitelli, Esquire
Kevin Boswell, Esquire

Attorney ID No.'s:                    *Attorneys for Plaintiff*
*201798*

1818 Market Street, 20th Floor
Philadelphia, PA  19103
(215-467-4666)

| | |
|---|---|
| Dorothea Jones<br>1036 W. Indiana Avenue<br>Philadelphia, PA 19133<br><br>     v.<br><br>Billy Murphy<br>3750 16th Avenue SW<br>Cedar Rapids, IA 52404<br><br>And<br><br>CRST Expedited Inc.<br>1332 Edgewood Drive<br>Cedar Rapids, IA 52404<br>             Defendants | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>December Term 2018 |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-1701**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-1701**

## COMPLAINT

1.      Plaintiff, Dorothea Jones, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, Billy Murphy, is a resident of the State of Iowa, residing at the address listed in the caption of this Complaint.

3.      Defendant, CRST Expedited Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4.      On or about June 28, 2018, at or about 6:30 am Plaintiff, Dorothea Jones, was the operator of a motor vehicle, traveling on Roosevelt Boulevard, at or near the intersection of Strable Street in Philadelphia, PA.

5.      At or about the same date and time, Defendant, Billy Murphy, was the operator of a motor vehicle, which was owned by Defendant, CRST Expedited Inc., which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

6.      At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision striking Plaintiff's vehicle.

7.      At all times relevant hereto, upon information and belief, Defendant, Billy Murphy, was operating the aforementioned defendant, CRST Expedited Inc.'s motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

8.      The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to strike Plaintiff's vehicle.

9.      As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

10.     As a result of the incident, Plaintiff suffered severe and permanent injuries, including injuries to the back, as set forth more fully below.

## COUNT I
### Dorothea Jones v. Billy Murphy
### Personal Injury—Negligence

11.     Plaintiff incorporate by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

12.     The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

   a.  Striking Plaintiff's vehicle;

   b.  Operating his vehicle into Plaintiff's lane of travel;

   c.  Failing to maintain proper distance between vehicles;

   d.  Operating his vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

   e.  Failing to have his vehicle under proper and adequate control;

   f.  Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

   g.  Violation of the assured clear distance rule;

   h.  Failure to keep a proper lookout;

   i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff or Plaintiff's vehicle;

   j.  Being inattentive to his duties as an operator of a motor vehicle;

   k.  Disregarding traffic lanes, patterns, and other devices;

   l.  Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Driving too fast for conditions;

u. Violating the Pennsylvania Vehicle Code;

v. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

13. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries, including injuries to the back, all to Plaintiff's great loss and detriment.

Case ID: 181201479

14.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff0s' great financial detriment and loss, Plaintiff has in the past, are presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

17.     As a further result of Plaintiff's injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18.     Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff pray for judgment in their favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Dorothea Jones v. CRST Expedited Inc.
### Negligent Entrustment

19.     Plaintiff incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20.     The negligence and/or carelessness of Defendant, CRST Expedited Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

a.  Permitting Defendant, Billy Murphy, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

b.  Permitting Defendant, Billy Murphy to operate the motor vehicle when Defendant, CRST Expedited Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Billy Murphy, was capable of committing the acts of negligence set forth above;

c.  Failing to warn those persons, including the Plaintiff, that Defendant, CRST Expedited Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Billy Murphy's negligent operation of the motor vehicle.

21.     As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to the back, all to Plaintiff's great loss and detriment.

22.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25.     As a further result of Plaintiff's injuries, Plaintiff has in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff pray for judgment in their favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT III
### Dorothea Jones v. CRST Expedited Inc.
### Respondeat Superior

27.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28.     The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

        a.   Striking Plaintiff's vehicle;

b.  Operating his vehicle into Plaintiff's lane of travel;

c.  Failing to maintain proper distance between vehicles;

d.  Operating his vehicle in a negligent and/or careless manner so as to strike
    Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e.  Failing to have his vehicle under proper and adequate control;

f.  Operating his vehicle at a dangerous and excessive rate of speed under the
    circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff
    or Plaintiff's vehicle;

j.  Being inattentive to his duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions
    and/or inactions posed;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending
    collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle
    and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though

Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

29.     As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to the back, all to Plaintiff's great loss and detriment.

30.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

32.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

33.     As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demand judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:     _____/s_____

Marc I. Simon, Esquire
Simon & Simon, P.C.
1818 Market Street
Suite 2000
Philadelphia, PA 19103
215-467-4666
*Attorney for Plaintiff*

Case ID: 181201479

<u>**VERIFICATION**</u>

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

Case ID: 181201479

FOX LAW, P.C.
BY:  John F. Fox, Jr., Esquire
I.D. No. 31854
(Mailing Address)
P.O. Box 220
Plymouth Meeting, PA 19462
(Office Location)
Two Logan Square, Suite 300
Philadelphia, PA 19103
215-568-6868
JohnFox@JFoxLaw.Com

Attorney for Defendants
Billy Murphy and
CRST Expedited, Inc.

*Filed and Attested by the Office of Judicial Records 10 JAN 2019 01:12 pm*

======================

| | |
|---|---|
| DOROTHEA JONES | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : CIVIL DIVISION |
| VS. | : |
| BILLY MURPHY | : No. 1812 – 01479 |
| And | : MAJOR NON-JURY |
| CRST EXPEDITED, INC. | : |

======================

## ENTRY OF APPEARANCE

To the Prothonotary:

Kindly enter my appearance on behalf of **defendants Billy Murphy and CRST**

**Expedited, Inc.,** only, with respect to the above-captioned matter.

FOX LAW, P.C.

BY _____
JOHN F. FOX, JR., ESQUIRE
Attorney for Defendants
Billy Murphy and
CRST Expedited, Inc.

1

FOX LAW, P.C.                          **Attorney for Defendants**
BY:  John F. Fox, Jr., Esquire        **Billy Murphy and**
I.D. No. 31854                        **CRST Expedited, Inc.**
(Mailing Address)
P.O. Box 220
Plymouth Meeting, PA 19462
(Office Location)
Two Logan Square, Suite 300
Philadelphia, PA 19103
215-568-6868
JohnFox@JFoxLaw.Com
=====================

DOROTHEA JONES              : **COURT OF COMMON PLEAS**
                           : **PHILADELPHIA COUNTY**
                           : **CIVIL DIVISION**
        VS.                :
BILLY MURPHY               : **No. 1812 – 01479**
      And                  : **MAJOR NON-JURY**
CRST EXPEDITED, INC.       :
=====================

### NOTICE TO PLEAD

**TO: Plaintiff Dorothea Jones:**

You are hereby notified that to plead to the enclosed New Matter within twenty (20) days

of service hereof or default judgment may be entered against you.


                          FOX LAW, P.C.


                          BY  _John F. Fox_____
                              JOHN F. FOX, JR., ESQUIRE
                              **Attorney for Defendants**
                              **Billy Murphy and**
                              **CRST Expedited, Inc.**


2

FOX LAW, P.C.
BY:  John F. Fox, Jr., Esquire
I.D. No. 31854
(Mailing Address)
P.O. Box 220
Plymouth Meeting, PA 19462
(Office Location)
Two Logan Square, Suite 300
Philadelphia, PA 19103
215-568-6868
JohnFox@JFoxLaw.Com

**Attorney for Defendants**
**Billy Murphy and**
**CRST Expedited, Inc.**

=====================

| | |
|---|---|
| DOROTHEA JONES | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : CIVIL DIVISION |
| VS. | : |
| BILLY MURPHY | : No. 1812 – 01479 |
| And | : MAJOR NON-JURY |
| CRST EXPEDITED, INC. | : |

=====================

### DEFENDANTS BILLY MURPHY AND CRST EXPEDITED, INC.'S
### ANSWER TO PLAINTIFF DOROTHEA JONES' COMPLAINT WITH NEW MATTER

Defendants Billy Murphy and CRST Expedited, Inc., hereinafter referred to as "defendants", by and through their undersigned counsel, hereby answer plaintiff Dorothea Jones' complaint with new matter as follows:

1.      Denied.  After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of plaintiff's new matter and accordingly, the said averments are deemed denied.  Strict proof thereof, if material, is demanded at the trial of this cause.

2.      Admitted.

3.      Admitted in part, denied in part.  Defendants CRST Expedited, Inc. admits that it has a business address located at 1332 Edgewood Drive, Cedar Rapids, IA 52404.  The remaining allegations set forth in paragraph 3 of plaintiff's complaint are deemed denied and are at issue

3

pursuant to the Pennsylvania Rules of Civil Procedure.  Strict proof thereof, if material, is demanded at the trial of this cause.

4.      Denied.  After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of plaintiff's complaint and accordingly, the said averments are deemed denied.  Strict proof thereof, if material, is demanded at the trial of this cause.

5.      Admitted in part, denied in part.  Defendants admit that Billy Murphy was the operator of a motor vehicle which was owned by defendant CRST Expedited, Inc. The remaining allegations contained in paragraph 5 of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure.  Strict proof thereof, if material, is demanded at the trial of this cause.

6.      Admitted in part, denied in part.  Defendants admit that contact was made between the tractor operated by defendant Billy Murphy and the vehicle operated by plaintiff Dorothea Jones.  To the extent that paragraph 6 of plaintiff's complaint implies that the contact was caused by the tractor striking the plaintiff's vehicle, it is denied.  By way of further response, the allegations set forth in paragraph 6 of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure.  Strict proof thereof, if material, is demanded at the trial of this cause.

7.      Admitted.  Defendant CRST Expedited, Inc. admits that defendant Billy Murphy was at all times relevant hereto, an employee of CRST Expedited, Inc.

8.      Denied.  The allegations contained in paragraph 8 of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure.  By way of further answer, defendant CRST Expedited, Inc. and Billy Murphy denying that the motor

4

vehicle collision was caused by the defendants' negligence and carelessness. On the contrary, the motor vehicle collision was caused by the negligence and carelessness of plaintiff Dorothea Jones. Strict proof thereof, if material, is demanded at the trial of this cause.

9.      Denied. The allegations contained in paragraph 9 of plaintiff Dorothea Jones' complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure. By way of further response, defendants deny that plaintiff's injuries, if any, were caused by defendants' negligence and/or carelessness. On the contrary, plaintiff's injuries, if any, were caused solely by her own negligence and carelessness. Strict proof thereof, if material, is demanded at the trial of this cause.

10.      Denied. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of plaintiff's complaint and accordingly, the said averments are deemed denied. Strict proof thereof, if material, is demanded at the trial of this cause.

## COUNT I

11.      Defendants incorporate by reference their answers to paragraphs 1 through 10 inclusive of plaintiff's complaint as if fully set forth herein at length.

12 (a)-(v). Denied. The allegations contained in paragraphs 12 (a)-(v) inclusive of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure. By way of further response, defendants deny each and every sub-part of paragraph 12 of plaintiff's complaint. By way of further response, the allegations contained in paragraph 12 (a) – (v) of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure. By way of further response, defendants deny that plaintiff's injuries, if any, were caused by the negligence and carelessness of defendants. On the

5

contrary, plaintiff's injuries, if any, were caused solely by her own negligence and carelessness. Strict proof thereof, if material, is demanded at the trial of this cause.

13 -18. Denied. The allegations contained in paragraphs 13 through 18 inclusive of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure. By way of further response, defendants deny that plaintiff's injuries, if any, were caused by defendants' negligence and carelessness. On the contrary, plaintiff's injuries, if any, were caused solely by her own negligence and carelessness. By way of further response, and after reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 13 through 18 inclusive of plaintiff's complaint and accordingly, the said averments are deemed denied. Strict proof thereof, if material, is demanded at the trial of this cause.

WHEREFORE, Defendants Billy Murphy and CRST Expedited, Inc. request that plaintiff's complaint be dismissed and that all costs, attorney's fees and all other appropriate relief be assessed against the plaintiff and in favor of defendants Billy Murphy and CRST Expedited, Inc.

## COUNT II

19.     Defendants incorporate by reference their answers to paragraphs 1 through 18 inclusive of plaintiff's complaint as if fully set forth herein at length.

20 (a) – (c). Denied. The allegations contained in paragraph 20 (a) – (c) inclusive of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure. By way of further response, defendants deny each and every sub-part of paragraph 20 of plaintiff's complaint. By way of further response, defendants deny that

6

plaintiff's injuries, if any, were caused by defendant CRST Expedited, Inc.'s negligence and carelessness. On the contrary, plaintiff's injuries, if any, were caused solely by plaintiff's own negligence and carelessness. Strict proof thereof, if material, is demanded at the trial of this cause.

21 – 26. Denied. The allegations contained in paragraphs 21 through 26 inclusive of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure. By way of further response, defendants deny that plaintiff's injuries, if any, were caused by defendants' negligence and carelessness. On the contrary, plaintiff's injuries, if any, were caused solely by her own negligence and carelessness. By way of further response, and after reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 21 through 26 inclusive of plaintiff's complaint and accordingly, the said averments are deemed denied. Strict proof thereof, if material, is demanded at the trial of this cause.

WHEREFORE, Defendants Billy Murphy and CRST Expedited, Inc. request that plaintiff's complaint be dismissed and that all costs, attorney's fees and all other appropriate relief be assessed against the plaintiff and in favor of defendants Billy Murphy and CRST Expedited, Inc.

## COUNT III

27. Defendants incorporate by reference their answers to paragraphs 1 through 26 inclusive of plaintiff's complaint as if fully set forth herein at length.

28 (a) – (t). Denied. The allegations contained in paragraph 28 (a) – (t) inclusive of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of

Case ID: 181201479

Civil Procedure.  By way of further response, defendants deny each and every sub-part of paragraph 28 of plaintiff's complaint.  By way of further response, defendants deny that plaintiff's injuries, if any, were caused by defendants' negligence and carelessness.  On the contrary, plaintiff's injuries, if any, were caused solely by plaintiff's own negligence and carelessness.  Strict proof thereof, if material, is demanded at the trial of this cause.

29 – 34.   Denied.  The allegations contained in paragraphs 29 through 34 inclusive of plaintiff's complaint are deemed denied and are at issue pursuant to the Pennsylvania Rules of Civil Procedure.  By way of further response, defendants deny that plaintiff's injuries, if any, were caused by defendants' negligence and carelessness.  On the contrary, plaintiff's injuries, if any, were caused solely by her own negligence and carelessness.  By way of further response, and after reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 29 through 34 inclusive of plaintiff's complaint and accordingly, the said averments are deemed denied.  Strict proof thereof, if material, is demanded at the trial of this cause.

WHEREFORE, Defendants Billy Murphy and CRST Expedited, Inc. request that plaintiff's complaint be dismissed and that all costs, attorney's fees and all other appropriate relief be assessed against the plaintiff and in favor of defendants Billy Murphy and CRST Expedited, Inc.

## NEW MATTER

35.    Plaintiff has failed to state a cause of action upon which relief may be granted.

36.    Plaintiff's claims are barred by the applicable statute of limitations.

Case ID: 181201479

37. Plaintiff knew of the existence of the condition or situation, if any, as pleaded in his Complaint, yet plaintiff assumed the risk.

38. Plaintiff's claims are barred or limited by the provisions of the comparative negligence statute, 42 Pa.C.S.A. § 7102, the provisions of which are incorporated by reference herein as if fully set forth herein at length.

39. Plaintiff's claims are barred in whole or in part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 7101 **et seq.**, as amended (hereinafter "PMVFRL"). Further, Answering Defendants hereby assert all of the defenses, limitations and immunities available pursuant to said law.

40. Pursuant to the applicable provisions of the PMVFRL, Plaintiff is precluded from pleading, introducing into evidence, producing or recovering the amount of benefits paid or payable under said law up to and including the limit of required benefits under said law.

WHEREFORE, Defendants Billy Murphy and CRST Expedited, Inc. request that plaintiff's complaint be dismissed and that all costs, attorney's fees and all other appropriate relief be assessed against the plaintiff and in favor of defendants Billy Murphy and CRST Expedited, Inc.

**FOX LAW, P.C.**


BY _____
**JOHN F. FOX, JR., ESQUIRE**
**Attorney for Defendants**
**Billy Murphy and CRST Expedited, Inc.**

9

## VERIFICATION

Pursuant to Pa. R.C.P. 1024(c), **JOHN F. FOX, JR., ESQUIRE** states that he is the attorney for defendants Billy Murphy and CRST Expedited, Inc.   and  that he makes this verification as an attorney because the parties he represents are outside the jurisdiction of this Court and that verifications cannot be obtained within the time limit allowed for the filing of this pleading; that he has sufficient knowledge and information based upon his investigation of the matter averred or denied in the foregoing pleading and that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

By:_____

    **John F. Fox, Jr., Esquire**
    **Attorney for Defendants**
    **Billy Murphy and CRST Expedited, Inc.**

Date:

Case ID: 181201479

| DOROTHEA JONES | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : CIVIL DIVISION |
| VS. | : |
| BILLY MURPHY | : No. 1812 – 01479 |
| And | : MAJOR NON-JURY |
| CRST EXPEDITED, INC. | : |

=====================

## CERTIFICATE OF SERVICE

I, John F. Fox, Jr., Esquire, hereby certify that a true and correct copy of the within

defendants' answer to plaintiff's complaint with new matter was forwarded to the below named

on this *10th* day of *January* 2019, electronically by the Court.

Simon & Simon, P.C.
By: Marc I. Simon, Esquire
1818 Market Street, 20th Floor
Philadelphia, PA 19103

*John F. Fox, Jr.*

BY_____

**JOHN F. FOX, JR., ESQUIRE**
**I.D. No. 31854**
**(Mailing Address)**
**P.O. Box 220**
**Plymouth Meeting, PA 19462**
**(Office Location)**
**FOX LAW, P.C.**
**TWO LOGAN SQUARE, SUITE 300**
**PHILADELPHIA, PA  19103**
**215-568-6868**
**JohnFox@JFoxLaw.Com**
**Attorney for Defendants**
**Billy Murphy and CRST Expedited, Inc.**

11

Case ID: 181201479